IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

JACKSON NATIONAL LIFE INSURANCE COMPANY,

    Plaintiff,

    v.

VIRGINIA D. CARSON, and
Branch Banking and Trust Company

    Defendants.

Civil Action No.

## COMPLAINT FOR INTERPLEADER

Plaintiff Jackson National Life Insurance Company ("Jackson National"), by and through its undersigned counsel and pursuant to Rule 22 of the Federal Rules of Civil Procedure, hereby states as follows for its Complaint for Interpleader against Defendants Virginia D. Carson and Branch Banking and Trust Company ("BB&T"):

### Parties

1. Jackson National is an insurance company that is duly incorporated under the laws of the State of Michigan. Jackson National's principal place of business is located in Lansing, Michigan.

2. The life insurance policy at issue in this action was originally issued by Valley Forge Life Insurance Company ("Valley Forge"). Through a succession of mergers and / or name changes, Jackson National is the successor in interest to Valley Forge. As such, Jackson National is the proper party to bring this interpleader action.

3. Defendant Virginia D. Carson is the widow of the Decedent, John William Carson, III, and a current resident of White Pine, Tennessee 37890.

4. Defendant BB&T is a banking institution that is incorporated under the laws of the State of North Carolina. BB&T maintains its corporate headquarters in Winston-Salem, North Carolina. Upon information and belief, BB&T, through a series of acquisitions and/or mergers occurring at or around 1999, became the holder of the purported assignment of the life insurance policy by Decedent to Coffee County Bank. BB&T may be served with process at its branch located at 210 Peterson Ave. N., Douglas, Georgia, 31533-3716.[1]

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §1332 as complete diversity among the parties is present, and the amount in controversy exceeds $75,000.

6. Venue is proper pursuant to 28 U.S.C. §1391, as this cause of action arose in Knox County, Tennessee, and Defendant Virginia Carson resides here.

**Facts**

7. On or about November 26, 1997, Valley Forge issued Life Insurance Policy No. VIPU008978 (the "Policy") to the Decedent, John W. Carson III.[2] A true and correct copy of the Application and Policy is attached hereto as Exhibit A.

8. Decedent's widow, Defendant Virginia Carson, is designated as the sole primary beneficiary of the life insurance benefits under the Policy.

---

[1] The BB&T Branch that acquired the Coffee County Bank was previously located at 102 N. Peterson Ave. in Douglas, GA. It has since relocated, however, to 210 Peterson Ave. N., Douglas, Georgia, 31533-3716.

[2] In 2008, Valley Forge changed its name to Reassure America Life Insurance Company ("Reassure America"). In December of 2012, Jackson National acquired Reassure America, at which time it assumed any and all responsibilities owed to Decedent under the Policy and BB&T under the Assignment (if any).

9. On or about June 19, 1998, Decedent assigned the Policy to Coffee County Bank by executing that certain Assignment of Life Insurance as Collateral (hereinafter the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit B.

10. Ms. Carson also signed the Assignment on or about June 19, 1998.

11. The Assignment assigns to Coffee County Bank "all claims, options, privileges, rights, title, and interest" held by Decedent under the Policy, including the right to collect the proceeds thereunder upon his death.

12. All rights held under the Assignment are expressly subject to the terms and conditions of the Policy.

13. On or about June 19, 1998, Coffee County Bank mailed the Assignment (executed by Decedent and Ms. Carson) to Valley Forge and requested that Valley Forge "execute" the same and maintain a copy for its file. A true and correct copy of the June 19, 1998 letter is attached hereto as Exhibit C.

14. On or about July 6, 1998, Valley Forge sent a letter to Coffee County Bank acknowledging receipt of the Assignment request. Valley Forge advised, however, that it could not process the paperwork because the Assignment was not signed by an officer of the Assignee, Coffee County Bank. Valley Forge also sent a copy of that letter to Decedent. True and correct copies of the July 6, 1998 letters are attached hereto as Exhibit D.

15. Jackson National's records do not contain a copy of the Assignment that was signed by a corporate officer of Coffee County Bank, but the Assignment itself has been acknowledged as "Duplicate received and filed" by Insurer.

16. Decedent died on March 1, 2016.

17. As a result of Decedent's death, benefits in the amount of $1,500,000 (the "Death Benefit") became due and payable to the proper beneficiary or assignee, and liability is conceded to that effect.

18. Shortly after Decedent died, Defendant Virginia Carson notified Jackson National of his death and made a claim to the full amount of the Death Benefit pursuant to her designation as the sole primary beneficiary under the Policy.

19. On March 15, 2016, Jackson National responded to Ms. Carson and verified that its records reflected that she was the named primary beneficiary under the Policy. However, given Coffee County Bank's potential interest to the proceeds under the Assignment, Jackson National requested that Defendant Virginia Carson provide a release of the Assignment from the appropriate bank representative and/or a statement from the bank listing the payoff amount claimed pursuant to the Assignment.

20. On April 5, 2016, Defendant Virginia Carson, by and through her counsel at the time, contested the validity of the Assignment and demanded that Jackson National refrain from paying any portion of the Death Benefit to the bank. Defendant Carson further advised that she was attempting to obtain a release of the Assignment.

21. On or about April 15, 2016, Jackson National advised Defendant Virginia Carson that it had not yet received the previously requested Assignment release and/or payoff statement and again advised that this information was necessary in order to evaluate and process the claim. Jackson National also sought this documentation directly from Coffee County Bank.

22. Between April 15, 2016 and May of 2016, Jackson National continued to work with counsel for Defendant Virginia Carson to obtain the necessary paperwork to evaluate and process the claim.

23. On or about May 3, 2016, Ms. Carson, though her counsel, advised Jackson National that, by virtue of its 1999 acquisition of Coffee County Bank, BB&T was the holder of the Assignment. As such, BB&T was the entity that needed to provide the necessary paperwork that would enable Jackson National to process the claim. Accordingly, though the Assignment was purportedly invalid, Ms. Carson advised that she would nonetheless attempt to obtain a release from BB&T so as to allow Jackson National to process the claim and resolve the matter.

24. Since May of 2016, Jackson National has continued to work with counsel for Ms. Carson in an attempt to secure the needed documentation to process the claim. However, despite their efforts, they have not been able to obtain the needed documentation from the appropriate bank personnel.

25. Accordingly, given BB&T's potential interest to the Death Benefit (and the lack of any documentation that releases that interest), Jackson National could face multiple liabilities on the Policy if disbursement is made directly to Ms. Carson without first obtaining the needed release from BB&T.

## Cause of Action: Interpleader

26. Jackson National restates and incorporates herein its previous allegations.

27. Jackson National does not dispute that benefits in the amount of $1,500,000 became due and payable upon Decedent's death, and as a neutral stakeholder of the funds at issue, it remains ready, willing and able to pay the Death Benefit (or any portion thereof) in accordance with the terms of the Policy, Assignment, and/or to whomever this Court shall designate.

28. However, Jackson National has not yet distributed the proceeds because, under the circumstances, Jackson National is not in a position to determine, factually or legally, who is entitled to the Death Benefit.

29. Jackson National has a legitimate fear of being subjected to multiple liabilities on the Policy given BB&T's potential right to the Death Benefit as the holder of the Assignment.

30. As a mere stakeholder, Jackson National has no interest in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

31. Given BB&T's potential interest to the Death Benefit and Jackson National's potential subjection to multiple liabilities if wrongful distribution is made, Jackson National seeks permission to deposit with the Court the proceeds, plus claim interest, if any, for disbursement in accordance with the judgment of this Court.

**WHEREFORE**, Jackson National prays that the Court enter judgment:

(a) Requiring the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the Death Benefit;

(b) Requiring that Defendants to settle and adjust among themselves or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) Discharging Jackson National from any and all further liability to the Defendants relating in any way to the Death Benefit;

(d) Enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Death Benefit;

(e) Awarding Jackson National its attorneys' fees and costs; and

(f) Awarding Jackson National any other and further relief that this Court deems just and proper.

Respectfully Submitted,

*/s/Michael C. McLaren*
Michael C. McLaren (28277)
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
Michael.mclaren@butlersnow.com
*Attorneys for Jackson National Life Insurance Company*